IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SILKEEN LLC, | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | PATENT CASE |
| | § | |
| MASIMO CORPORATION | § | |
| | § | |
| Defendant. | § | |
| | § | |

## COMPLAINT

Plaintiff Silkeen LLC ("Plaintiff" or "Silkeen") files this Complaint against Masimo Corporation ("Defendant" or "Masimo") for infringement of United States Patent No. 7,944,469 (hereinafter "the '469 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 555 Republic Dr., Suite 287 Plano, TX 75074-5481.

4. On information and belief, Defendant is a Delaware corporation having a principal place of business at 52 Discovery, Irvine, CA 92618. Upon information and belief, Defendant may be served with process through its registered agent, CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Delaware, has conducted business in the state of Delaware, resides in Delaware, and/or has engaged in continuous and systematic activities in the state of Delaware.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the District of Delaware.

## VENUE

7. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this district.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,944,469)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '469 Patent with sole rights to enforce the '469 Patent and sue infringers.

11. A copy of the '469 Patent, titled "System and Method for Network Operation," is attached hereto as Exhibit A.

12. The '469 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, 5, 7, and 10 of the '469 patent by making, using, importing, selling, and/or offering for sale signal extraction pulse oximetry devices

("Devices") covered by one or more claims of the '469 patent. Defendant has infringed and continues to infringe the '469 patent in violation of 35 U.S.C. § 271.

14. Defendant sells, offer to sell, and/or use the Devices including systems comprising, without limitation, the Masimo rainbow® Pulse CO-Oximetry device, and any similar products, which infringe at least Claims 1, 5, 7, and 10 of the '469 Patent.

15. The Devices process device data such as, for example, measurements related to SpO2 content, pulse rate, etc. The devices obtain the device data, which corresponds to one or more monitoring devices such as, for example, sensors.

16. The Devices compare the monitoring device data to previously collected device data. For example, the Devices compare SpO2 content, pulse rate, etc. to data previously collected and which is confined within a threshold limit as set by a user. On information and belief, the accused product also allows for the continuous monitoring of a variety of conditions and compares current data with data previously collected to identify trends or changes.

17. The Devices generate an output (e.g., visual and/or audio alert) if the monitoring device data substantially deviates from the previously collected monitoring device data. For example, if the SpO2 content or pulse rate measurements deviate from the data confined within the threshold limit, an output is generated. On information and belief, the accused product will also generate an output (e.g. an alert/alarm) when current monitoring data deviates from that monitoring data previously collected (e.g. based on the accused products ability to monitor collected data and indicate changes or variances in trend, on information and belief, the accused product will activate an alarm when current monitoring data differs from data collected in the past). On information and belief, the monitoring device data is stored in tables that include dimensions (e.g., SpO2 content, pulse rate, etc.) and measures (e.g.,

percentage and BPM corresponding to the SpO2 content and pulse rate respectively). On information and belief, Defendant must use and maintain a multi-dimensional database in order to store and display the measurements, and the date and time of the measurements, to a user.

18. The Devices comprise monitoring device data (e.g., measurement related to SpO2 content, pulse rate, etc.) stored in the tables that is updated periodically to reflect desired norms within a given dimension (e.g., SpO2 content and pulse rate is stored so that changes and trends can be monitored), and wherein the monitoring device data is compared to the desired norms to determine a rule violation. For example, on information and belief, the Devices will compare current monitoring data to previously collected monitoring data to determine if a change or variance warrants an alarm. Additionally, the Devices can sound alarms based on user-set thresholds.

19. Regarding Claim 5, the output corresponds to the generation of an alarm signal. For example, the Devices generate an alarm signal when the threshold is exceeded.

20. Regarding Claim 7, the output corresponds to the generation of a notification or notification sequence. For example, the Devices generate notifications and/or notification sequences in the form of visual and audio alerts.

21. Regarding Claim 10, on information and belief, the tables are fact tables that employ data cubes that include dimensions and measures. For example, Defendant must use and maintain a multi-dimensional database in order to store and display the SpO2 content and pulse rate readings, and the date and time of the readings, to a user. On information and belief, data that is stored and linked via multiple indexes must be stored in a multidimensional data cube.

22. Defendant's actions complained of herein will continue unless Defendant is

enjoined by this court.

23. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

24. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 7,944,469 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: July 26, 2017                             Respectfully submitted,


                                                 /s/Stamatios Stamoulis
                                                 **STAMOULIS & WEINBLATT LLC**
                                                 Stamatios Stamoulis (#4606)
                                                 stamoulis@swdelaw.com
                                                 Richard C. Weinblatt (#5080)
                                                 weinblatt@swdelaw.com
                                                 Two Fox Point Centre
                                                 6 Denny Road, Suite 307
                                                 Wilmington, Delaware 19809
                                                 Telephone: (302) 999-1540

                                                 *Attorneys for Plaintiff*
                                                 *Silkeen, LLC*